UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00157-GNS-HBB

JILLIAN J.[1]                                                                                                    PLAINTIFF

VS.

KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Jillian J. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 17) have filed a Fact and Law Summary. Plaintiff filed a reply brief (DN 18). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to General Order No. 2019-11 and 28 U.S.C. § 636(b)(1)(B), this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations. By Order entered February 15, 2023 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On November 17, 2020, Plaintiff filed an application for Supplemental Security Income (Tr. 15). Plaintiff alleged that she became disabled on March 1, 2019, as a result of bipolar, depression, severe anxiety, OCD, and a torn labrum in left hip (Tr. 86). Plaintiff's application

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

was denied initially on March 5, 2021, and upon reconsideration on July 3, 2021 (Tr. 15, 103, 112). On July 16, 2021, Plaintiff completed a written request for a hearing (Tr. 128-30).

Administrative Law Judge John R. Price ("ALJ") conducted a telephonic hearing on December 6, 2021 due to the extraordinary circumstances presented by the COVID-19 Pandemic (Tr. 15, 31). Plaintiff and her attorney representative, Jeff Smith, participated on the call (Tr. 29). Stephen P. Davis, an impartial vocational expert, testified during the hearing (Id.). In a decision dated December 27, 2021, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-24). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 17, 2020, the application date (Tr. 17). At the second step, the ALJ determined that Plaintiff has the following severe impairments: bipolar disorder and borderline personality disorder (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"), to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is capable of simple, routine, non-detailed and non-complex job tasks with little-to-no change in routine; she may have occasional, superficial contact with co-workers and supervisors, and should avoid the public (Tr. 19). The ALJ found that Plaintiff had no past relevant work, and that the transferability of job skills is not an issue due to the lack of past relevant work (Tr. 22). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (Tr. 22). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act since November 17, 2020 (Tr. 23). Plaintiff

timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 202). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. § 1381 *et seq.* (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to the ALJ's Decision

1. Arguments of the Parties

Plaintiff raises one challenge to the ALJ's RFC, contending that the mental RFC determination is not supported by substantial evidence as the ALJ failed to properly evaluate and explain his findings regarding the opinions of a treating psychiatric nurse practitioner ("PNP") Daltrey Tyree and consultative psychological examiner Annette Freel, M.S. (DN 15-1, PageID # 859-60). Plaintiff argues the ALJ committed legal error by failing to adequately address the consistency and supportability of both opinions, as required by 20 C.F.R. § 416.920c(c)(1)-(5). Regarding PNP Tyree's opinion, Plaintiff argues the ALJ failed to address the supportability of the opinion, while also mischaracterizing the evidence of PNP Tyree's treatment notes (Id. at PageID # 861-62). Similarly, Plaintiff alleges the ALJ only superficially addressed the supportability of psychologist Freel's opinion and failed to address the opinion's consistency or any of the remaining factors (Id.).

Defendant characterizes Plaintiff's argument as asking the Court to reweigh the evidence (DN 17 PageID # 882). Additionally, Defendant contends the ALJ's decision is supported by substantial evidence as he followed the applicable regulations evaluating psychologist Freel and PNP Tyree's opinions, and that when the ALJ's decision is read holistically, despite not using the phrase consistency in his opinion, the analysis is clear and fulfills the regulations' requirements (Id. at PageID # 877-78). Defendant states that though the ALJ was not required to assign weight to Freel's opinion—because it was eighteen months earlier than the relevant period at issue—the ALJ addressed Freel's opinion when crafting the RFC (Id. at PageID # 879).

Plaintiff filed a reply brief (DN 18). Plaintiff emphasizes the legal argument she is making is that of legal error, arguing the ALJ failed to articulate the suportablilty and consistency factors as required in 20 C.F.R. § 416.920c(b)(2) (Id. at PageID # 886).

A. Applicable Law

The question before the Court is whether the Commissioner's decision, as reflected in the decision of the ALJ, is supported by substantial evidence. 42 U.S.C. § 405(g); Smith v. Sec'y of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989) (citing Mullen v. Sec'y of Health & Human Servs. 800 F.2d 535 (6th Cir. 1986). If the answer to the above question is "yes," then the Court may not even inquire whether the record could support a decision the other way. Smith, 893 F.2d at 108 (citing Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n. 4 (6th Cir. 1986)). Substantial evidence is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. Smith, 893 F.2d at 108 (citing Richardson v. Perales, 402 U.S. 389 (1971)).

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 15). See 20 C.F.R. §, 416.920c. The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[2] in the record, even if it comes from a treating medical source. 20 C.F.R. § 416.920c(a).[3] Instead, Administrative Law Judges will now evaluate the

---

[2] At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. § 416.913a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. § 416.913a(b)(1).

[3] The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 416.927(c)(2).

"persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)-(5).[4] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 416.920c(a) and (b)(2). Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2). Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

    *i.*    *PNP Tyree*

PNP Tyree treated Plaintiff over the course of three years, typically meeting with Plaintiff roughly each month (B6F, B7F, B10F). The ALJ characterizes PNP Tyree's limitations as follows:

> Her primary care records also indicate a normal mental status following the changes made in 2019 (Ex. B3F). In a questionnaire submitted in April 2021, her psychiatrist, Dr. Tyree, said she was stable on her medication with a fairly stable mood and improved psychosis (Ex. B8F). He did indicate that she still has problems with anxiety, though his notes indicated a great improvement with that as well. He said that she has poor interpersonal skills as well, and said she was unable to meet competitive standards at work in multiple areas including maintaining attention, work around others without being unduly distracted, complete a normal workday without interruptions from psychologically-based symptoms, get along with co-workers, respond appropriately to changes, and deal with normal work stress. His treatment notes does not reflect this level of limitation at all, and it appears by those treatment notes that she has been stable for quite some time with only minor changes to her medication regimen, all of which have been positive for her. While the limitations the undersigned has endorsed are slightly greater than

---

4 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

7

> in the prior case, the overall record does not strongly support medical worsening. She is capable of simple routine work with little change in routine and limited contact with others. The treatment notes do not support further limitations.
>
> …
>
> Dr. Tyree is also not persuasive as his findings are not consistent with his treatment notes showing the claimant is not suffering from the severe symptoms he alleges in his opinion statement (Ex. B8F).

(Tr. 21, 22).

First, the ALJ's handling of both the treatment notes and the mental impairment questionnaire is supported by substantial evidence and the ALJ satisfied the requirements of 20 C.F.R. § 416.920c(c)(1)-(5). The ALJ indirectly explains PNP Tyree's opinions suportablilty when finding that the limitations in the questionnaire "are not consistent" with her treatment notes (Tr. 22). Further, when reading the decision in its entirety, it is clear that the ALJ sufficiently addressed the supportability and consistency of PNP Tyree's opinion, and it not just a summary as Plaintiff contends (Tr. 21, 22). Though the ALJ does not explicitly state how he evaluated the supportability of PNP Tyree's opinion, it clear that he considered whether the medical record as a whole, including PNP Tyree's treatment notes, supported her more severe limitations.

The ALJ's discussion of Plaintiff's mental impairments throughout the decision demonstrates how the ALJ evaluated PNP Tyree's opinion's supportability and consistency with other medical evidence in the record. For instance, the ALJ highlights that Plaintiff only has mild limitations in understanding, remembering, or applying information, citing her ability "to provide information about their health, describe their prior work history, and follow instructions from healthcare providers," her ability to comply with treatments outside of care, and her responses to medical providers questions, which the ALJ denotes as establishing an intact memory (Tr. 18). The ALJ also notes Plaintiff's social interactions with friends, family, and the "good rapport" she

maintains with her providers, maintaining that the record shows Plaintiff has no more than moderate limitations in interacting with others (Id.). Additionally, the ALJ states "[m]ost exams document normal mood and affect" (Tr. 18). The ALJ was not required to use any "magic words," but when the decision is read in its entirety, his analysis regarding both factors is clearly explained. 20 C.F.R. § 416.920c(c)(1)-(5).

Second, the undersigned will address Plaintiff's contention that the ALJ mischaracterized PNP Tyree's opinion, specifically that restrictions PNP Tyree crafted in the medical impairment questionnaire were inconsistent with her treatment notes. Plaintiff makes no clear cites in their briefs to how the ALJ mischaracterizes PNP Tyree's treatment notes and only cites to a follow-up visit on December 5, 2019, despite more current treatment notes that indicate Plaintiff's condition was more stable (Tr. 625-30). See Stephenson v. Kijakazi, No. 1:20-CV-113-DCP, 2021 U.S. Dist. LEXIS 179940, at *6 (E.D. Tenn. Sep. 21, 2021) ("Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived."). Without citing to specific portions of the treatment notes and the medical impairment questionnaire, the undersigned does not find that the ALJ mischaracterized the evidence nor find that the questionnaire was incongruent with the treatment notes. Furthermore, the decision reveals that the ALJ reviewed the treatment notes that indicated Plaintiff's mental conditions were stable, if not improving.

  ii. *Consultative Psychological Examiner Freel*

Freel provided her opinion of Plaintiff on March 12, 2018, however, Plaintiff is filing for benefits for the period starting March 1, 2019. The ALJ described the persuasiveness of Freel's opinion with "Freel's findings were prior to the alleged onset date, and are so distant that they are not persuasive as they do not reflect the longitudinal record where the claimant is now receiving

9

effective treatment (Ex. B1F)" (Tr 22). "Though the Sixth Circuit 'do[es] not endorse the position that . . . medical records predating the alleged date of the onset of disability' are automatically irrelevant, it has never held that an ALJ *must* consider a dated medical opinion" and that an ALJ's failure to consider a dated medical opinion is harmless when the dated opinion "is largely duplicative of more recent information." Bange v. Berryhill, No. 1:17-CV-00189-GNS-HBB, 2018 U.S. Dist. LEXIS 141307, at *8 (W.D. Ky. Aug. 21, 2018) (quoting DeBoard v. Comm'r of Soc. Sec., 211 F. App'x. 411, 414 (6th Cir. 2006)). Here, though Freel's opinion was dated, the ALJ still considered it while crafting the RFC and found it unpersuasive when evaluating it with more recent medical evidence of the record. Despite not using the words consistency and supportability, the ALJ's analysis is clear as to how he considered the medical opinions, therefore, the ALJ complied with the regulations.

## CONCLUSION

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003)). Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. Id. After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence and that the ALJ complied with applicable regulations. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law. As such, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

December 20, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985).

December 20, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:       Counsel of Record