`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00157-GNS-HBB

JILLIAN J.                                                                                          PLAINTIFF

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security Administration[1]                                   DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 21) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20). The matter is ripe for adjudication.

### I.     BACKGROUND

On November 17, 2020, Plaintiff Jillian J.[2] ("Plaintiff") filed an application for supplemental security income for a disability allegedly beginning on March 1, 2019. (Administrative R. 15, DN 11 [hereinafter R.]). The application was denied at the initial and reconsideration stages. (R. 15, 103, 112). Thereafter, Plaintiff was granted a hearing before Administrative Law Judge John R. Price ("ALJ"), which was held telephonically on December 6, 2021. (R. 15, 31).

---

[1] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).

[2] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

1

On December 27, 2021, the ALJ issued an unfavorable decision, utilizing the five-step sequential process, concluding Plaintiff was not disabled since November 17, 2020. (R. 15-23). First, the ALJ noted that Plaintiff had not engaged in any substantial gainful activity since the application date of November 17, 2020. (R. 17). Next, the ALJ opined that Plaintiff had the severe impairments of bipolar disorder and borderline personality disorder. (R. 17). At the third step, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the impairments listed in Appendix 1. (R. 18).

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform a full range work at all exertional levels, but has certain non-exertional limitations: (i) simple, routine, non-detailed and on-complex jobs with little-to-no change in routine; (ii) occasional, superficial contact with co-workers and supervisors; and (iii) should avoid the public. (R. 19). Because Plaintiff has no past relevant work, the ALJ found that the transferability of jobs skills was not an issue due to the lack of past relevant work. (R. 20, 22). Finally, after considering Plaintiff's RFC, age, education, and past work experience, the ALJ found that there are jobs that exist in significant numbers in the national economy which Plaintiff could perform. (R. 22). As a result, the ALJ determined that Plaintiff was not disabled since November 17, 2020. (R. 23).

Plaintiff requested and was denied review by the Appeals Council. (R. 1-3, 202). On November 18, 2022, Plaintiff initiated an action in this Court challenging the Commissioner's decision. (Compl., DN 1); *see* 42 U.S.C. § 405(g). Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R.") that the ALJ's decision should be affirmed. (R. & R. 20). Plaintiff timely objected, and Defendant responded to the objection. (Pl.'s Obj., DN 21; Def.'s Resp. Pl.'s Obj., DN 24).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following the filing of the recommendation, each party may object within fourteen days. *See id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to accept, reject, or modify any findings or recommendations *de novo*. *See id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's

3

decision. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

### A. Daltrey Tyree, PNP

In her first objection, Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ complied with the applicable regulation in evaluating Daltrey Tyree ("Tyree"), a psychiatric nurse practitioner. (Pl.'s Obj. 1-3). Plaintiff contends that the ALJ mischaracterized Tyree's treatment notes as being inconsistent with the restrictions in Tyree's opinion. (Pl.'s Obj. 2-3). The Magistrate Judge directly addressed this issue, noting that "Plaintiff makes no clear cites in [her] briefs to how the ALJ mischaracterizes PNP Tyree's treatment notes and only cites to a follow-up visit on December 5, 2019, despite more current treatment notes that indicate Plaintiff's condition was more stable." (R. & R. 9 (citing R. 625-30)). As a result, Plaintiff waived that issue before the Magistrate Judge, and her objection is similarly deficient and is therefore not a proper objection. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (noting that disputing the correctness of an R. & R. but failing to specify erroneous findings is not a proper objection).

Plaintiff also asserts that "[t]he ALJ does not mention the notable consistency between the opinion of PNP Tyree and the assessment by Annette Freel, MS, who performed the agency's psychological evaluation, despite the fact that these reports show a similar level of mental restriction." (Pl.'s Obj. 2 (citing R. 19-22)). She also contends that the Magistrate Judge erred in finding that the decision conformed with the requirements of 20 C.F.R. § 416.920c(b)(2). (Pl.'s Obj. 3).

In evaluating the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In short, supportability "refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source." *Chaney v. Kijakazi*, No. 5:21-CV-112, TBR, 2022 WL 3586213, at *3 (W.D. Ky. Aug. 22, 2022) (citations omitted). As to the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

While Plaintiff continues to disagree with the sufficiency of the ALJ's analysis of Tyree, the Magistrate Judge specifically reviewed and considered whether the analysis complied with 20 C.F.R. § 404.1520c(c)(1)-(2). (R. & R. 8-9 (citing R. 18, 21, 22, 625-30)). Based on this Court's review of the record, the Magistrate Judge did not err in finding that the ALJ properly considered both supportability and consistency as to Tyree's opinion when viewing the ALJ's decision in its entirety. *See Dennis v. Astrue*, 655 F. Supp. 2d 746, 750 (W.D. Ky. 2009) ("[T]he court must examine the evidence in the record taken as a whole . . . ." (citation omitted)).

### B.   Annette Freel, Psychologist

Plaintiff also contends that the Magistrate Judge erred in reviewing the ALJ's consideration of Annette Freel, MS, ("Freel") who performed the agency's psychological evaluation. (Pl.'s Obj. 3-6). While Plaintiff's second objection is couched in terms of the ALJ's improper exclusion of medical records predating the alleged onset of the disability, that argument

5

is contradicted by the ALJ's review of the evidence as explained in the R & R.  As the R. & R. noted, "though Freel's opinion was dated, the ALJ still considered it while crafting the RFC and found it unpersuasive when evaluating it with more recent medical evidence of the record."  (R. & R. 10).  Thus, Plaintiff's characterization is incorrect, and this objection lacks merit.

As part of this second objection, Plaintiff challenges the R. & R. on the basis that the Magistrate Judge erred in finding the ALJ adequately considered the factors of supportability and consistency as to Freel.  (Pl.'s Obj. 4-5).  This is the same argument that Plaintiff raised in her briefing.  (Pl.'s Mem. Supp. Fact/Law Summ. 9-12, DN 15-1; Pl.'s Reply Br. 1-3, DN 18).  Rehashing or reiterating an argument previously raised to the Magistrate Judge is not a proper objection under Fed. R. Civ. P. 72(b), and the Court will review the R. & R. only for clear error as to that issue.  *See Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002))).

As the Magistrate Judge noted, the ALJ did not use the terms "supportability" and "consistency," but the ALJ's analysis reflected that Freel's opinion was properly considered in compliance with the applicable regulations.  (R. & R. 10).  Based on this Court's review, the Magistrate Judge did not err as to this issue as well.

V.     **CONCLUSION**

For foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (DN 20) is **ADOPTED**, Plaintiff's Objection (DN 21) is **OVERRULED**,

6

7

and the decision of the Commissioner is **AFFIRMED**.  Judgment shall be entered in favor of the Commissioner.  The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 22, 2024

cc: counsel of record